**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re

Renee Maslikhov aka Renee Butler,

    Debtor.
---------------------------------------------------------x
Renee Maslikhov,

    Plaintiff,

-against-

Sergei Maslikhov

    Defendant.
---------------------------------------------------------x

Chapter 11

Case No. 19-42688

Adv. Pro. No. 19−01083

**MOTION OF SERGEI MASLIKHOV FOR: (I) ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE § 363(J) AND NEW YORK LAW, DETERMINING MR. MASLIKHOV AND DEBTOR ARE EACH ENTITLED TO ONE-HALF OF SURPLUS PROCEEDS OF § 363(H) SALE OF PROPERTY LOCATED AT 328 JEFFERSON AVENUE, BROOKLYN, NEW YORK AND DIRECTING DEBTOR TO DISTRIBUTE ONE-HALF OF SURPLUS PROCEEDS TO MR. MASLIKHOV; (II) ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE § 363(E), CONDITIONING ANY § 363(H) SALE OF THE PROPERTY ON DEBTOR ADEQUATELY PROTECTING MR. MASLIKHOV'S INTERESTS IN SURPLUS PROCEEDS**

Sergei Maslikhov ("Mr. Maslikhov"), a party in interest in the above-captioned chapter 11 case (the "Bankruptcy Case") of Renee Maslikhov (the "Debtor" and together with Mr. Maslikhov, the "Spouses") and defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through his undersigned counsel, hereby respectfully moves (this "Motion") for: (i) entry of an order, pursuant to Bankruptcy Code § 363(j) and New York law, determining that Mr. Maslikhov and the Debtor are each entitled to one-half of the Surplus Proceeds (as defined below) of any § 363(h) sale of the property located at 328 Jefferson Avenue, Brooklyn, New York (the "Property") and directing the Debtor to distribute one-half of the Surplus Proceeds to Mr. Maslikhov; (ii) entry of an order, pursuant to Bankruptcy Code §

363(e), conditioning any § 363(h) sale of the Property on the Debtor adequately protecting Mr. Maslikhov's interests in the Surplus Proceeds; (iii) reconsideration of the Court's bench conformation of the Debtor's *Second Amended Plan Of Reorganization* (the "Plan") to the extent the Plan violates the requirements of Bankruptcy Code § 363(j) and impairs Mr. Maslikhov's interests in the Surplus Proceeds, and in support thereof, respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Debtor and Mr. Maslikhov own the Property as tenants-by-entirety. This Court has entered an order authorizing the Debtor to sell the Property pursuant to Bankruptcy Code § 363(h) and indicated from the bench that it will confirm the Plan which is premised on that sale. The Parties anticipate that, after satisfying all liens on the Property and paying the costs and expenses of the sale, there will be significant surplus proceeds available for distribution (the "Surplus Proceeds"). By this Motion, Mr. Maslikhov is *not opposing* the Debtor's proposed 363(h) sale of the Property. He also is *not opposing* distribution of the sale proceeds to pay the allowed claims of secured creditors or the costs and expenses of the sale. Mr. Maslikhov does, however, *strongly oppose the entirely of the Surplus Proceeds being distributed to the Debtor's estate* and being used to pay her unsecured debts and the administrative expenses.

2. Bankruptcy Code § 363(j) requires that, after a § 363(h) sale of the Property closes, the Surplus Proceeds must be distributed to Mr. Maslikhov and to the Debtor's estate *in accordance with their respective interests in the Property*. Mr. Maslikhov respectfully submits that, because his tenancy-by-entirety interests are being terminated by a sale ordered by this Court—and not by a decree of a divorce court—it is necessary and appropriate for this Court to determine his and the Debtor's respective interests in the Surplus Proceeds. Under New York law, where a tenancy-by-entirety is terminated by a sale (and not by a divorce settlement or

decree), each Spouse is entitled one-half of the sale proceeds. Accordingly, under Bankruptcy Code § 363(j), the Debtor must distribute one-half of the Surplus Proceeds to Mr. Maslikhov.

3. Notwithstanding the clear requirements of Bankruptcy Code § 363(j), the Debtor is proposing, under her Plan, to distribute *all of Surplus Proceeds to her own bankruptcy estate*, and to use the entirety of the Surplus Proceeds—including those in which Mr. Maslikhov holds interests—to pay her own unsecured debts and administrative expenses. On its face, the Plan clearly violates Bankruptcy Code § 363(j) and impairs Mr. Maslikhov's interests in the Property. It should not be confirmed as currently drafted.

4. By this Motion, the Mr. Maslikhov respectfully request that the Court (i) determine that Mr. Maslikhov and the Debtor are each entitled to one-half of the Surplus Proceeds, (ii) direct the Debtor to distribute one-half of the Surplus Proceeds to Mr. Maslikhov. In the alternative, Mr. Maslikhov's respectfully requests that, to adequately protect Mr. Maslikhov's interests in the Surplus Proceeds, the Court enter an order, pursuant to Bankruptcy Code § 363(e), directing that the entire Surplus Proceeds be held in escrow pending that determination by this Court or a New York court of the Mr. Maslikhov's and the Debtor's respective interests in the Surplus Proceeds.

**JURISDICTION AND BASES FOR RELIEF**

5. This Court has jurisdiction to consider this Application pursuant to 28U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief sought in this Motion are Bankruptcy Code §§105(a), 363(e), 363(j), and 1129.

## BACKGROUND

7.      The Debtor and Maslikhov are wife and husband and have owned the Property as tenants-by-entirety for more than thirteen (13) years. Attached hereto as <u>Exhibit A</u> is a true and correct copy of their deed to the property.

8.      On May 1, 2019 (the "Petition Date") the Debtor commenced this Bankruptcy Case. On June 18, 2019, the Debtor commenced the Adversary Proceeding, seeking authority to sell the Property pursuant to Bankruptcy Code § 363(h).

9.      On September 17, 2019, the Debtor filed a plan of reorganization premised on a Bankruptcy Code § 363(h) sale of the Property.

10.     On October 7, 2019, the Court entered an order authorizing the Debtor to sell the Property pursuant to Bankruptcy Code § 363(h).

11.     On October 16, 2019, the Court conducted a hearing on confirmation of the Debtor's Plan and indicated, from the bench, that it would confirm the Plan.

12.     Throughout these proceedings, Mr. Maslikhov was representing himself *pro se*.

13.     On October 22, 2019, Mr. Maslikhov retained the Law Offices of Jeremy S. Sussman to represent him in connection with the Bankruptcy Case.

14.     Upon reviewing the Plan, counsel to Mr. Maslikhov discovered that, notwithstanding the clear requirements of Bankruptcy Code § 363(j) and the fact that neither this Court nor the Divorce Court has determined how the Surplus Proceeds should be apportioned between the Spouses, the Debtor plans to distribute the entire Surplus Proceeds (including those belong to the Mr. Maslikhov) to the Debtor's estate, and to use those proceeds to pay the Debtor's unsecured debts and administrative expenses.

15. After discussing the Plan with Mr. Maslikhov, counsel to Mr. Maslikhov concluded that Mr. Maslikhov had little understanding of the Plan or the significance of the confirmation hearing.

16. On October 23, 2019, counsel to Mr. Maslikhov provided counsel to the Debtor with proposed changes to the form of confirmation.

## RELIEF REQUESTED

**I.    Entry of Order, Pursuant to Bankruptcy Code § 363(j) and New York Law, (i) Determining that Mr. Maslikhov and the Debtor are Each Entitled to One-Half of the Surplus Proceeds of any § 363(h) Sale of the Property, and (ii) Directing Debtor to Distribute One-Half of Surplus Proceeds Sale Proceeds to Mr. Maslikhov**

17. Pursuant to Bankruptcy Code § 363(h), a trustee "may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as . . . tenant by the entirety." 11 U.S.C. § 363(h). Pursuant to Bankruptcy Code § 363(j), after a sale of property under § 363(h), the "trustee shall distribute to the debtor's spouse . . . and to the estate, the proceeds of such sale, less the costs and expenses, *not including any compensation of the trustee*, of such sale, according to the interests of such spouse . . . and of the estate. 11 U.S.C. § 363(j) (emphasis added). 11 U.S.C. § 363(j). In a chapter 11 case, a debtor-in-possession acts as trustee for its own estate. Accordingly, where a chapter 11 debtor is authorized to conduct a 363(h) sale of its property, it *must* distribute a portion of the net sale proceeds to its non-debtor spouse (in accordance with such non-debtor's interests in the property)—and may only distribute to its estate that portion of the sale proceeds which equals the debtor's interests in the property.

18. Here, the Debtor and Mr. Maslikhov own the Property as tenants-by-entirety, and the Court has entered an order authorizing the Debtor to sell the Property pursuant to Bankruptcy

5

Code § 363(h). The parties anticipate that, after satisfying all liens on the property and paying the costs and expenses of the sale, there will be significant Surplus Sale Proceeds available for distribution. Accordingly, to comply with the Bankruptcy Code's § 363(j) requirements for a § 363(h) sale, the Debtor must distribute to Mr. Maslikhov a portion of the Surplus Sale Proceeds equal to Mr. Maslikhov's interests in the Property. Moreover, pursuant to Bankruptcy Code § 363(j), that Debtor can only distribute to her estate, and use to pay her unsecured debts and administrative expenses, that portion of the Surplus Proceeds that is equals the Debtor's interests in the Property.

19. Mr. Maslikhov's and the Debtor's respective interests in the Property are determined by New York law because the Property is located in New York. *See Butner v. United States*, 440 U.S. 48 (1979). Under New York law, tenants by the entirety have the "right to the use of an undivided half of the property during the joint lives of a husband and wife and a survivorship right to the entire fee. Each tenant by the entirety is said to be seized of the whole estate." *Community Nat'l Bank and Trust Co. of New York v. Persky (In re Persky)*, 893 F.2d 15, 19 (2d Cir.1989).

20. Under New York law, a tenancy-by-entirety can be terminated be a divorce settlement or decree, in which case the spouses' respective interests in the property are determined by such settlement or decree. Under New York law, a tenancy-by-entirety is also terminated by any sale of property, because New York does not recognize a tenancy-by-entirety in any class of assets other than real property.

21. Under New York law, when a tenancy-by-entirety is terminated by a sale, husband and wife are each entitled to one-half of the sale proceeds, even if one spouse contributed the entire purchase price. "[B]ecause their respective interests are the same and equal

during their joint lives as husband and wife, each is entitled to an equal share in the consideration given for the deed and entitled to one-half of the proceeds of the sale of the real property. *See Secrist v. Secrist*, 284 A.D. 331, 334, 132 N.Y.S.2d 412, 415 (N.Y.App. Div. 4th Dep't 1954), aff'd, *588 308 N.Y. 750, 125 N.E.2d 107 (N.Y.1955) (holding that wife was entitled to one-half of the proceeds of sale even though the husband contributed the entire purchase amount). *See also Popky v. United* States, 419 F.3d 242, 243 (3d Cir. 2005) (holding each spouse entitled to 50% of proceeds of sale of property held by tenancy by entirety); *In Re Levinson*, 372 B.R. 582 (Bankr. E.D.N.Y. 2007) (holding debtor and non-debtor spouse each have 50% interest in property held as tenancy-by-entirety); *In re Ignasiak*, 22 B.R. 828 (Bankr. E.D. Mich. 1982); *In re Blair*, 151 B.R. 849 (S.D. Ohio 1992).

22. Here, the Spouses' tenancy-by-entirety is being terminated by the 363(h) sale, and not by a divorce settlement or decree. Accordingly, under New York law, the Spouses respective interest in the Surplus Proceeds should be determined by their interests in the Property immediately prior to the sale (and not by any future divorce settlement or decree). Under New York law, because the Spouses hold that Property as tenants-by-entirety, Mr. Maslikhov and the Debtor should be entitled to one-half of the Surplus Proceed upon any sale of the Property. Accordingly, Mr. Maslikhov respectfully requests that the Court enter and order (i) determining that Mr. Maslikhov and the Debtor are each entitle to one-half of the Sale Proceeds, and (ii) directing the Debtor to distribute one-half of the Surplus Sale Proceeds to Mr. Maslikhov immediately following the close of the sale.

II. **Entry of an Order, Pursuant to Bankruptcy Code § 363(E), Conditioning Any § 363(H) Sale of the Property on the Debtor Adequately Protecting Mr. Maslikhov's Interests in the Surplus Proceeds**

23. Bankruptcy Code § 363(e) provides that "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or

leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Here, it is undisputed that Mr. Maslikhov holds a tenancy-by-entirety interest in the Property. Mr. Maslikhov hereby respectfully requests that any section 363(h) sale of the Property be conditions on his interests in the Property and resulting Surplus Proceeds being adequately protected.

24.     Notwithstanding Mr. Maslikhov's interests in the Property and the Surplus Proceeds, and the requirements of Bankruptcy Code § 363(j), the Debtor is proposing under the Plan to distribute the entire Surplus Proceeds to the Debtor's estate, and to use the Surplus Proceeds to pay the Debtor's individual unsecured debts and administrative expenses. The Debtor is further proposes that after the Debtor's unsecured debts and administrative expenses have been paid by the entirety of the Surplus Proceeds, any remaining funds be held by the Debtor's attorney pending a determination by this Court or the Divorce Court of how such remaining funds should be distributed.  This scheme puts the cart before the horse, and clearly impairs Mr. Maslikhov interests in the Surplus Proceeds because it would use the Surplus Proceeds to pay the Debtor's debts before there has been a determination by the this Court or the Divorce Court as to whether the Surplus Proceeds are property of the Debtor's estate, and to what extent.

25.     Mr. Maslikhov's respectfully requests that, to adequately protect his interests in the Surplus Proceeds, the Court enter an order, pursuant to Bankruptcy Code § 363(e), directing that the entire Surplus Proceeds be held in escrow pending entry of a final order determining the Spouses' respective interests in the Surplus Proceeds by this Court or a New York court, and

prohibiting the Debtor from distributing or using the Surplus Proceeds until such final order is entered.

## NOTICE

26. Notice of the Motion shall be provided to (i) the Debtor, (ii) the United States Trustee, and (iii) parties who have filed notices of appearance in the Bankruptcy Case. Movant respectfully submits that such notice is reasonable under the circumstance, and no further notice is required.

## NO PRIOR REQUEST

27. No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, Mr. Maslikhov respectfully requests that the Court (i) enter of an order, pursuant to Bankruptcy Code § 363(j) and New York law, determining that Mr. Maslikhov and the Debtor are each entitled to one-half of the Surplus Proceeds of any § 363(h) sale of the Property and directing the Debtor to distribute one-half of the Surplus Proceeds to Mr. Maslikhov; (ii) enter an order, pursuant to Bankruptcy Code § 363(e), providing Mr. Maslikhov with adequate protection for his interests in the Surplus Proceeds; and (iii) granting Mr. Maslikhov such other relief as is just.

Dated: New York, NY
October 24, 2019

THE LAW OFFICE OF JEREMY S. SUSSMAN

By: /s/ Jeremy S. Sussman
   Jeremy S. Sussman
   225 Broadway, 38th Floor
   New York, NY 10007

*Counsel to Sergei Maslikhov*

**Exhibit A**

|  |  |
|---|---|
| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER**<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br>**2006092601112001001EF0BF** |

|  |  |  |
|---|---|---|
|  | **RECORDING AND ENDORSEMENT COVER PAGE** | **PAGE 1 OF 6** |
| **Document ID:** 2006092601112001 | Document Date: 09-11-2006 | Preparation Date: 09-26-2006 |
| Document Type: DEED |  |  |
| Document Page Count: 4 |  |  |

| PRESENTER: | RETURN TO: |
|---|---|
| TITLES OF NEW YORK, INC.<br>555 MADISON AVENUE<br>NEW YORK, NY 10022<br>212-486-0070<br>esen@titlesofnewyork.com | TITLES OF NEW YORK, INC.<br>555 MADISON AVENUE<br>NEW YORK, NY 10022<br>212-486-0070<br>butler/maslikhov |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1834 | 28 Entire Lot |  | 328 JEFFERSON AVENUE |

**Property Type:** DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| RENEE BUTLER<br>328 JEFFERSON AVENUE<br>BROOKLYN, NY 11216 | RENEE BUTLER<br>328 JEFFERSON AVENUE<br>BROOKLYN, NY 11216 |

x Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage |  |  | Recording Fee: $ | 57.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax Filing Fee: |  |
| Exemption: |  |  | $ | 75.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: |  |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** |  |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** |  |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** |  |
| NYCTA: | $ | 0.00 | Recorded/Filed | 10-04-2006 11:18 |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): |  |
| TOTAL: | $ | 0.00 |  | **2006000556698** |

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | <br>2006092601112001001CF23F |
|---|---|

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)    PAGE 2 OF 6**

**Document ID:** 2006092601112001    Document Date: 09-11-2006    Preparation Date: 09-26-2006
Document Type: DEED

**PARTIES**
**GRANTEE/BUYER:**
SERGEI MASLIKHOV
328 JEFFERSON AVENUE
BROOKLYN, NY 11216

**BARGAIN & SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS**

THIS INDENTURE, made on the || day of September, 2006

BETWEEN

**RENEE BUTLER**

residing at:   328 Jefferson Avenue
   Brooklyn, NY 11216

party of the first part, and

**RENEE BUTLER AND SERGEI MASLIKHOV, as tenants-by-entirety**

residing at:   328 Jefferson Avenue
   Brooklyn, NY 11216

party of the second part,

WITNESSETH, that the party of the first part, in consideration of $ 10.00 (Ten Dollars) and other valuable consideration paid by the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being the property described in **SCHEDULE A ANNEXED HERETO**, which property was acquired by the party of the first part from Keith Arthur by confirmatory deed dated 3/30/01 and recorded 5/14/01 in Reel 5155, Page 2372.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

   _____
   Renee Butler

**Schedule A Description**

Title Number **TNY10231K-06** Page 1

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn and County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of Jefferson Avenue, distant 183 feet Westerly from the former formed by the intersection of the Southerly side of Jefferson Avenue with the Westerly side of Tompkins Avenue;

RUNNING THENCE Southerly parallel with Tompkins Avenue and part of the distance through a party wall 100 feet;

THENCE Westerly Parallel with Jefferson Avenue, 18 feet;

THENCE Northerly parallel with Tompkins Avenue and part of the distance through a party wall 100 feet to the Southerly side of Jefferson Avenue;

THENCE Easterly along the Southerly side of Jefferson Avenue, 18 feet to the point or place of BEGINNING.

STATE OF NEW YORK }
COUNTY OF ~~NEW YORK~~ KINGS } ss:
}

On the 14th day of September in the year 2006, before me, Renee Butler the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of New York.



_____
Notary Public

STATE OF NEW YORK }
COUNTY OF ~~NEW YORK~~ KINGS } ss:
}

On the 14th day of September in the year 2006, before me, Sergei Maslikhov, the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of New York.

_____
Notary Public

**WITH COVENANT AGAINST GRANTOR'S ACTS**

**RENEE BUTLER,**

        Grantor,

    TO

**RENEE BUTLER AND SERGEI MASLIKHOV,**

        Grantee.

SECTION:
BLOCK: 1834
LOT: 28
COUNTY: KINGS

RETURN BY MAIL TO:

RHEEM & BELL, LLP
302 FIFTH AVENUE, 8TH FLOOR
NEW YORK, NY 10001